SEPTEMBER 5, 1957

**Reap. Dec. 8998.—**

Arbor Mfg. Corp. et al. *v.* United States.

MEMORANDUM TO ACCOMPANY ORDER

MOLLISON, Judge: The appeals enumerated in the attached schedule are for reappraisement of the values found by the appraiser of various kinds of merchandise imported from Yugoslavia. There does not seem to be any question but that the correct basis of value applicable thereto is export value, defined in section 402 (d) of the Tariff Act of 1930, it being clear that merchandise such as or similar to that involved was not offered for sale for home consumption in Yugoslavia.

In each case, plaintiffs have limited their claim to the question of the correctness of the inclusion of inland freight in the value of the merchandise, and the cases were consolidated for the purpose of trial.

All of the merchandise was invoiced at certain unit prices in United States dollars, c. i. f. New York. On each invoice, there are notations relating to the charges which are included in the invoiced c. i. f. prices. For example, in the case of the invoice covered by entry 807831 (reappraisement No. 255783–A), which is typical of the other invoices and entries involved, the merchandise was invoiced at a c. i. f. New York price of 90 cents (US) per piece, and, there being 1,000 pieces involved, the total invoice price was $900. On the consular invoice, the following charges are listed:

| | | |
|---|---|---|
| Inland freight | US | $25.34 |
| Packing & prep. | US | $101.40 |
| Sea freight | US | $167.11 |
| Insurance prem. | US | $3.65 |
| Invoice fee | US | $2.50 |

The merchandise was entered at a total value of $701 representing to the nearest dollar the total invoice price, less deductions for the listed charges for inland freight, sea freight, insurance premium, and invoice fee. According to the red-ink notation on the invoice made by the examiner of merchandise who passed the same, and whose recommendation was approved by the assistant and deputy appraisers, it was appraised at the invoice value, less the charges represented by the items listed above for sea freight, insurance premium, and invoice fee.

It, therefore, clearly appears that the difference between the entered and appraised values is represented by the charge for inland freight.

The evidence offered on behalf of the plaintiffs consists of the oral testimony of the president of the ultimate consignee corporation which imported all of the merchandise covered by these appeals. He stated that he had arranged for the purchase of the merchandise while he was in Yugoslavia at the places of business of the two sellers of the merchandise, one apparently located in Zagreb and the other in Ljubljana, Yugoslavia. He further stated that the only terms and conditions under which the merchandise was ever offered for sale to him was c. i. f. New York, meaning all expenses paid to New York, the expenses being "shipping expenses to the border from the factory, and from the border to New York, and insurance."

Plaintiffs rely upon what they consider to be settled law in the matter of inland freight, as laid down in the case of *Robertson, Collector,* v. *Bradbury,* 132 U. S. 491, to the effect that it was illegal, under the valuation statute then in effect, to add to the cost, price, or value of goods in the principal markets of the country of exportation the cost of transportation from the place of production to the place of shipment, or, in other words, that goods should be valued at their price in the principal markets of the country of exportation. Plaintiffs contend that there has since been no substantial change in statutory law with respect to the matter of inland freight which would exhibit a legislative intent to consider inland freight an item to be included in the value of imported merchandise.

The defendant relies upon a claimed lack of competent evidence in the record to support any other values than those found by the appraiser and upon prior decisions in other cases relating to the subject of inland freight.

The term "inland freight" may mean many different things. Factories, principal markets, and ports of exportation are often located in different places in the country of exportation, and, depending upon the particular facts in a given case, an item of transportation cost between factory, principal market, and/or port of exportation may or may not be properly includable in the value of the goods for duty purposes.

Plaintiffs obviously relied upon the invoiced item of "inland freight" as representing transportation charges from the *principal market or markets* of the country of exportation to the place of exportation in the same country. There is, however, nothing in the record establishing that fact, either directly or implicitly.

From the testimony of the plaintiffs' witness, it may be inferred that the item of "inland freight," as it appears on the invoices,

represented "shipping expenses to the border from the factory," the "border" apparently referring to the seaport of Rijeka, Yugoslavia, from whence, according to the entries, the merchandise was exported by sea to the United States. There is nothing to show where the factory in each instance was located and whether the factory was in a principal market of Yugoslavia. The evidence only goes so far as to establish that the "places of business" of the sellers were in Zagreb and Ljubljana, Yugoslavia, but does not establish whether the "place of business," in each instance, was the factory and whether those places were principal markets in Yugoslavia where such or similar merchandise was freely offered for sale.

There is nothing in the appraisement made by the appraiser which either directly or implicitly establishes where the principal markets of Yugoslavia in respect of merchandise such as or similar to that here involved were located. It might be assumed, from the manner in which the appraisement was noted on the invoice in each instance, that the appraiser considered Zagreb or Ljubljana, as the case may be, to be the principal market, but disallowed inland freight to the seaport of Rijeka, but it is just as consistent to assume from the same appraisements that he considered Rijeka to have been the principal market and disallowed freight from the factory to the principal market.

At the trial, mention was made by counsel for the defendant of a governmental decree or regulation providing that all exports which were regulated (presumably by Yugoslavia) had to be made f. o. b. border. What decree or regulation and of what Government was involved were matters not further developed by either party, and counsel for the Government specifically refused thereafter to concede anything whatsoever in connection with the importation or appraisement of the merchandise at bar.

Section 2631, title 28, United States Code, as amended, requires the court to "determine the value of [the] merchandise * * * from the evidence in the record and that adduced at the hearing."

In view of the fact that it clearly appears that the issue involves the correctness of the inclusion of the item of "inland freight" in the value of the merchandise, and that neither the evidence in the record nor that adduced at the hearing makes it possible for the court intelligently to determine that issue, and, hence, the value of the merchandise, the court considers that the best interests of justice will be served by restoring the cases to the October calendar of the court to permit the parties, if they wish, and are able so to do, to furnish evidence upon which determination of values of the merchandise involved may be made.

Order will issue accordingly.