(Reap. Dec. 9203)

ARBOR MFG. CORP. ET AL. *v.* UNITED STATES

Entry No. 807831, etc.

(Decided August 5, 1958)

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the plaintiffs.

*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

MOLLISON, Judge: These appeals for reappraisement are before me after having been restored to the trial calendar pursuant to an order entered by me, as reported in 39 Cust. Ct. 663, Reap. Dec. 8998. The state of the record at the time of the order of restoration is set forth in that memorandum and will not be unnecessarily further set out here.

It was pointed out by the writer in Reap. Dec. 8998 that the difference between the values at which the merchandise was entered, which are claimed by the plaintiffs to be the correct values of the merchandise, and those returned by the appraiser, which are urged by the defendant to be the correct values, is represented in each case by the charge for inland freight. It was also pointed out that, under the law as relied upon by the plaintiffs, inland freight accruing before the goods are in a condition, packed ready for shipment to the United States, in the principal markets of the country of exportation, is part of the value of the goods upon which duty is to be taken, whereas inland freight accruing after the goods reach that condition in the principal markets is not part of such value. It was noted that the record was devoid of any evidence which would establish the location of the principal markets of Yugoslavia in the case of the goods in issue, and whether the freight accrued before or after the goods were laid down in such principal markets, packed ready for shipment to the United States.

Inasmuch as the reappraisement statute requires the court "to determine the value of the merchandise," it was the considered opinion of the court that the proper discharge of that function could not be intelligently performed on the record before it, and, in the interests of justice, the court ordered the cases restored to the calendar in order that the parties might have an opportunity to furnish evidence upon which a determination of the values of the merchandise might be had.

When the cases were called for trial after having been restored to the calendar, counsel for the plaintiffs offered certain documentary evidence tending to show that the factories at which the merchandise in issue was produced were not located at the places where the same was sold. No evidence was offered which would tend to establish whether the places at which the merchandise at bar was sold, Zagreb and Ljubljana, Yugoslavia, were, in fact, principal markets in that country for the offer and sale of merchandise such as or similar to that at bar within the meaning of the valuation statute.

Counsel for the plaintiffs relies upon claimed appraisement practices and decisions of the predecessor of this court, and other courts, antedating the decision of our appellate court in the case of *United States* v. *Paul A. Straub & Co., Inc.*, 41 C. C. P. A. (Customs) 209, C. A. D. 553, upon which defendant relies. As the writer views it, the rule of the *Straub* case, upon which counsel for defendant relies, is not applicable to the situation at bar. That case squarely holds that where merchandise is freely offered for sale in the principal markets of the country of exportation at only one price, which includes delivery to the point of destination, and is not freely offered for sale on an ex-factory basis or for delivery in the principal markets, the single price, including the charges to the point of destination, is the price contemplated by the valuation statute.

The uncontroverted facts of record show that the merchandise was never offered for sale f. o. b. any place in Yugoslavia, but was only offered for sale on a c. i. f. New York basis. If the *Straub* case, *supra*, rule were to be held applicable to the situation in the cases at bar, it might follow that the dutiable values would be the c. i. f. New York prices.

However, neither party makes any such claim, and there is certainly not sufficient evidence in the record as to the elements of value called for by the statute to support any finding of such values.

In view, however, of the uncontradicted evidence that the merchandise was never offered for sale in Yugoslavia at prices f. o. b. any place in Yugoslavia, the writer has serious doubts as to the correctness of the appraised values, which represent prices f. o. b. Rejika, Yugoslavia. On the other hand, there is not sufficient evidence

in the record to make out a *prima facie* case in support of any other values.

Under the circumstances, the writer has no course other than to hold that the statutory presumption (26 U. S. C. § 2633) in support of the values returned by the appraiser has not been overcome, and to make findings and enter judgment accordingly.

I, therefore, find as facts:

1. That the involved merchandise consists of various kinds of woodenware exported from Yugoslavia.

2. That at or about the time of exportation of the involved merchandise such or similar merchandise was not freely offered for sale in Yugoslavia for home consumption.

3. That the record facts are insufficient to establish the elements of export value, in accordance with the statutory formula therefor, section 402 (d), Tariff Act of 1930.

I conclude as matters of law:

(1) That export value, as defined in section 402 (d), Tariff Act of 1930, is the proper basis for the determination of the values of the merchandise involved, and

(2) That, inasmuch as the plaintiffs have failed to prove values for the merchandise other than those found by the appraiser, by operation of section 2633, title 28, United States Code, such values are the values of the merchandise.